# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRIN H. D.,[1]<br><br>                    Plaintiff,<br><br>          v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 5:20-cv-00479-AFM<br><br>**MEMORANDUM OPINION AND ORDER REVERSING AND REMANDING DECISION OF THE COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying his applications for disability insurance benefits. In accordance with the Court's case management order, the parties have filed briefs addressing the merits of the disputed issues. The matter is now ready for decision.

## BACKGROUND

On December 2, 2015 and October 31, 2018, Plaintiff applied for disability insurance benefits, alleging disability beginning January 15, 2014. Plaintiff's applications were denied initially and upon reconsideration. (Administrative Record

---

[1]   Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

["AR"] 82-86, 92-97.) A hearing took place on October 31, 2018 before an Administrative Law Judge ("ALJ"). Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified at the hearing. (AR 31-57.)

In a decision dated January 16, 2019, the ALJ found that Plaintiff suffered from the following severe impairments: osteomyelitis of the left foot; bilateral neuropathy; deep vein thrombosis; and obesity. (AR 17.) After finding that Plaintiff's impairments did not meet or equal any listed impairment or combination of impairments (AR 19), the ALJ assessed Plaintiff with the residual functional capacity ("RFC") to perform a sedentary work as follows: can occasionally push and pull with the bilateral lower extremities; can occasionally climb ramps and stairs; can never climb ladders, ropes and scaffolds, and crawl; can occasionally balance, stoop, kneel, and crouch; can have no concentrated exposure to fumes, odors, dusts, gases, and poor ventilation; no exposure to hazards such as machinery, unprotected heights or open bodies of water; would require sit/stand option, meaning every hour an individual needs to stand for period of five minutes without needing to leave the workplace; and limited to simple routine tasks due to pain and effects of medication. (AR 20.) Relying on the testimony of the VE, the ALJ concluded that Plaintiff was unable to perform his past relevant work, but based on Plaintiff's age, education, work experience, and RFC, was able to perform other work existing in significant numbers in the national economy. (AR 25-26.) Accordingly, the ALJ found Plaintiff not disabled. (AR 26.)

The Appeals Council subsequently denied Plaintiff's request for review (AR 1-6), rendering the ALJ's decision the final decision of the Commissioner.

## DISPUTED ISSUE

Whether the ALJ erred in evaluating Plaintiff's subjective symptom testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial

evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. In the social security context, the threshold for substantial evidence is "not high." *Biestek v. Berryhill*, 139 S. Ct. 1149, 1154 (2019). This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

Where, as here, a claimant has presented evidence of an underlying impairment that could reasonably be expected to produce pain or other symptoms, the ALJ must "evaluate the intensity and persistence of [the] individual's symptoms ... and determine the extent to which [those] symptoms limit his ... ability to perform work-related activities ...." SSR 16–3p, 2016 WL 1119029, at *4. Absent a finding that the claimant is malingering, an ALJ must provide specific, clear and convincing reasons before rejecting a claimant's testimony about the severity of her symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014-1015 (9th Cir. 2014)). "General findings [regarding a claimant's credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible

grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1991) (en banc)).

Factors an ALJ may consider in evaluating the claimant's subjective symptoms include conflicts between the claimant's testimony and the claimant's conduct – such as daily activities, work record, or an unexplained failure to pursue or follow treatment – as well as ordinary techniques of credibility evaluation, such as internal contradictions in the claimant's statements and testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). In addition, an ALJ may not disregard a claimant's testimony solely because it is not substantiated by objective medical evidence, although the lack of medical evidence is a factor that the ALJ can consider in making a credibility assessment. *Burch v. Barnhart*, 400 F.3d 676, 680-681 (9th Cir. 2005).

In discounting Plaintiff's allegations and testimony concerning his symptoms, the ALJ here found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 21.) The Ninth Circuit has observed that this is simply a boilerplate statement that is routinely included in an ALJ's decision "as an introduction to the ALJ's credibility determination" after which the ALJ "typically identify what parts of the claimant's testimony were not credible and why." *Treichler*, 775 F.3d at 1103.

The ALJ then provided three more specific grounds for her adverse assessment of Plaintiff's subjective symptom evidence: (1) the claimant's subjective statements are inconsistent with – or not supported by – the objective medical evidence; (2) "[t]he degree of claimant's subjective complaints is not comparable to the frequency or extent of the treatment sought by the claimant"; and (3) Plaintiff's subjective symptoms statements regarding significant pain are inconsistent with the evidence

4

1    that "he has been working at a construction site laying tiles" (AR 21.)[2]  The Court
2    assesses these three reasons below.

3       First, an ALJ may not rely solely on lack of objective evidence to support a
4    credibility determination. *See Burch*, 400 F.3d at 681; *Rollins v. Massanari*, 261 F.3d
5    853, 856 (9th Cir. 2001). However, it is also true that a contradiction between a
6    claimant's subjective complaints and specific medical evidence may constitute a
7    distinct basis for discounting the claimant's subjective symptom allegations. *See Sills
8    v. Astrue*, 2013 WL 782076, at *3 (C.D. Cal. Mar. 1, 2013) ("there is an analytical
9    difference between a lack of corroborating medical evidence and a contradiction
10   between subjective claims and existing medical evidence") (citing *Morgan v.
11   Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999). Accordingly,
12   an ALJ may properly rely upon a contradiction between a claimant's allegations and
13   the medical evidence in reaching a credibility determination. *See Carmickle v.
14   Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with
15   the medical record is a sufficient basis for rejecting the claimant's subjective
16   testimony."); *Garcia v. Comm'r of Soc. Sec. Admin.*, 498 F. App'x 710, 711 (9th Cir.
17   2012) (claimant's testimony properly discounted based on contradiction between that
18   testimony and his doctor).

19      Here, the ALJ's decision does not clearly describe a contradiction with the
20   medical evidence – as opposed to a lack of support in the objective medical record.
21   Although the ALJ uses the word "inconsistent," the decision does not cite medical
22   evidence that affirmatively contradicts Plaintiff's subjective complaints and claims
23   of severe pain. Instead, the ALJ discusses Plaintiff alleged pain in his left foot and
24   leg.  In discounting that pain, the ALJ focuses on the lack of objective medical
25   evidence regarding impairments of the left leg and points to a musculoskeletal
26   examination with "mild" findings and x-rays which were "all well" and showed "mild

27   _____

28   [2]  This court can only review the ALJ's articulated rationale. *See, e.g., Barbato v. Comm'r of Soc.
     Sec. Admin.*, 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996)

degenerative changes." (AR 21.) From this discussion by the ALJ, the Court concludes that the first reason for the ALJ's adverse credibility finding is based upon the lack of supporting objective evidence – which by itself is legally insufficient under Ninth Circuit law. *See, e.g., Burch*, 400 F.3d at 681

The ALJ's second ground is that the degree of Plaintiff's subjective symptoms is allegedly "not comparable to the frequency or extent" of the treatment that he received. (AR 21.) Although an ALJ may rely on conservative treatment (or lack of treatment) as a valid reason for discounting subjective claims, it is undisputed here that Plaintiff had multiple surgeries to address impairments and pain in his left foot. Thus, not only did Plaintiff repeatedly seek medical treatment for his pain, but the form of the treatment (multiple surgeries) provided to him was not conservative. *See Ritchotte v. Astrue*, 281 F. App'x 757, 759 (9th Cir. 2008); *Diaz v. Berryhill*, 2018 WL 4998120, at *6 (C.D. Cal. Oct. 15, 2018) (collecting cases for the proposition that "[s]urgery is generally not a 'conservative' treatment"). And the ALJ cited no evidence that Plaintiff's surgeries should be considered conservative. The Commissioner acknowledges this, but points out that the ALJ also noted a post-surgery record stating that Plaintiff's surgical site was well healed and without infection and another record indicating lack of swelling and a full range of motion in Plaintiff's extremities. (AR 21, citing AR 1248 and 1370.) Those records may bolster the ALJ's point that Plaintiff's subjective complaints lack support in the objective record, but they are not evidence that the frequency and extent of Plaintiff's surgical treatment somehow undermine his claims of severe pain.

As a third ground, the ALJ states that Plaintiff's assertion of severe pain is contradicted by his work laying tiles during his alleged period of disability. The ALJ's decision cites three treatment records that mention the tile work (AR 21 citing AR 1158, 1246, and 1318). While these documents refer to Plaintiff occasionally doing work at a construction site, they also report that the increased weight bearing from this activity caused Plaintiff to develop a new infection and that Plaintiff could

not tolerate the associated standing and walking due to the pain. Thus, when placed in their proper context, Plaintiff's short attempts at laying tile actually support his statements of severe pain, *see Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007), and the ALJ's reference to this work is not a legitimate basis for discounting Plaintiff's subjective symptom claims because it fails to accurately characterize the record. *See Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999).

Accordingly, for the above reasons, the Court concludes that the ALJ erred by not providing a specific, clear and convincing reason for discounting Plaintiff's claims about the severity of his symptoms and pain. *See Trevizo*, 871 F.3d at 678.

## REMEDY

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. . . . If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407 (citation and internal quotation marks omitted). Although the Court has found error as discussed above, the record on the whole is not fully developed, and factual issues remain outstanding. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the

1   meaning of the Social Security Act).   Accordingly, the appropriate remedy is a

2   remand for further administrative proceedings.[3]

3                                              *      *      *

4         IT IS ORDERED that Judgment be entered reversing the decision of the

5   Commissioner of Social Security and remanding this matter for further

6   administrative proceedings consistent with this opinion.

7

8   DATED:  1/28/2021

9

10

11                                       ALEXANDER F. MacKINNON
                                         UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
        _____
        [3]  It is not the Court's intent to limit the scope of the remand.

                                              8